# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MALCOLM BRENNER,

      Plaintiff,

vs.                                       CIV. No. 97-802 BB/LFG

THE DAILY TIMES,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court for consideration of Plaintiff's March 22, 1999 motion to reinstate this case under Rule 60(b) (Doc. 5). On July 22, 1999, a hearing was held on the motion, and the parties were allowed an opportunity to brief the issue of whether incompetent performance by counsel is grounds for relief under Rule 60(b)(6). The Court has reviewed the parties' submissions and the relevant law and, for the reasons set forth below, determines that Plaintiff's motion to reinstate the case should be denied.

As the parties are aware, the relevant facts in this case are brief. Plaintiff filed this lawsuit, arising out of the June 9, 1994 termination of Plaintiff's employment, in August 1997. The case was dismissed in November 1997, because Plaintiff failed to serve process upon Defendant in a timely manner. Plaintiff explains this failure by pointing to the fact that the Clerk's office neglected to respond to several requests for a conformed copy of the complaint. After this action was dismissed, Plaintiff did not seek to have it reopened under Rule 60. Instead, Plaintiff filed a new federal-court lawsuit. That lawsuit, however, was dismissed because it did not relate back to the first case, and it was filed more than ninety days after Plaintiff was notified by the EEOC of his

right to sue.  The dismissal of the second action occurred on April 10, 1998.  Plaintiff then waited

almost a year, until March 22, 1999, to file his motion to reinstate the original lawsuit.  Thus, the

acts of neglect attributable to Plaintiff's counsel[1] include the original failure to obtain service of

process in a timely manner, the filing of an untimely second federal-court action, and the delay of

almost a year in the filing of the current motion to reinstate.  The question before the Court is

whether these instances of neglect constitute good cause for reopening the case under Rule 60(b).

Neglect by counsel is ordinarily not a basis for reopening a case under either Rule 60(b)(1)

or 60(b)(6).[2]  *See, e.g., Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th

Cir. 1993); *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146-47 (10th Cir. 1990);

*Lomas and Nettleton Co. v. Wiseley*, 884 F.2d 965, 968-69 (7th Cir. 1989); *United States v. Real

Property Known As 429 South Main St.*, 906 F.Supp. 1155, 1160-61 (S.D.Ohio 1995) (collecting

cases).  Occasionally, where the neglect is gross, constituting an almost complete abandonment of

the client, and the client is blameless, the attorney's conduct will be sufficient to allow reopening

under Rule 60(b).  *See Real Property* (discussing cases).  This is especially true where the

attorney has affirmatively misled the client, or the attorney's problems are due to factors outside

the attorney's control, such as substance abuse or health difficulties.  *Id.*

The Tenth Circuit has not yet decided whether gross neglect by an attorney is a sufficient

reason for reopening a case under Rule 60(b)(6).  *See, e.g., Pelican* (noting that an Eighth Circuit

---

[1]The Court assumes for purposes of this opinion that the problems in this case were not
the fault of Plaintiff personally, although there has been no evidence on that issue.

[2]In this case, Rule 60(b)(6) is the only possible avenue for relief because the motion to
reinstate the case was not filed until more than a year had elapsed from the dismissal of the
original action.

case, categorically stating that attorney incompetence or carelessness has never been a vehicle for relief under Rule 60(b), "may be somewhat more restrictive than the law in this circuit ...". However, the Tenth Circuit has several times stated or held that carelessness by an attorney does not afford a basis for relief under the Rule. *Id.*; *see also Vasquez v. Neal*, 1999 WL 350960 (10th Cir.) (stating the rule, and adding that attorney error based on a misunderstanding of the law is an insufficient basis for excusing a failure to comply with a time deadline).

The Court finds this case does not involve the type of gross neglect or abandonment by an attorney that might possibly constitute grounds for reopening a case under Rule 60(b)(6). In doing so, the Court notes the following: (1) there is no evidence concerning Plaintiff's blameworthiness, or lack thereof, in the long delays in the prosecution of this case, which began with a complaint to the state Human Rights Commission in December 1994; (2) there is no evidence Plaintiff's counsel affirmatively misled Plaintiff as to any aspect of the case; (3) there is no evidence Plaintiff's counsel suffered from any physical or mental infirmities during the time in question; and (4) there is no evidence as to the reason or reasons why the motion to reinstate was not filed for almost a year after the dismissal of Plaintiff's second action.

Based on the foregoing evidence or lack thereof, the Court finds this case involves simple neglect and misunderstanding of the law, rather than gross neglect. For example, the failure to ensure that a copy of the complaint was obtained, and to perfect service upon Defendant in a timely manner, was simply neglectful. Counsel's decision to file a second lawsuit instead of moving to reopen this one was based on a misunderstanding of the law, as counsel apparently assumed the second action would relate back to the first for time-deadline purposes. Finally, the long delay in filing the current motion to reinstate, which resulted in this case being limited to

Rule 60(b)(6) rather than also involving Rule 60(b)(1), was apparently a result of simple neglect by either Plaintiff's counsel or Plaintiff himself.

This case simply does not present the type of extraordinary circumstances required before relief may be granted under Rule 60(b)(6). *See Pelican*, 893 F.2d at 1147 (court will only award Rule 60(b)(6) relief in extraordinary cases; such relief not justified where default judgment has resulted after party, through counsel, failed to comply with procedural rules of court). For that reason, the Court will deny Plaintiff's motion to reinstate the case.

## ORDER

Based on the foregoing, Plaintiff's motion to reinstate the case under Rule 60(b) (Doc. 5) is hereby DENIED.

DATED August 10, 1999.


BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE


**Attorneys:**
**For Plaintiff**
F. D. Moeller
424 West Broadway
P.O. Box 15249
Farmington, New Mexico 87499

**For Defendant**
Curtis R. Gurley
Hynes, Hale & Gurley
1000 West Apache
Farmington, New Mexico 87401